## Case No. 7,863.

### In re KITZINGER et al.

### [19 N. B. R. 307.] 1

District Court, S. D. New York. Nov. 26. 1879.

BANKRUPTCY—DIVIDEND — INTEREST UPON, PEND-
ING AN APPEAL.

1. An appeal having been taken from an order allowing to a creditor interest upon his unpaid dividend at the rate of seven per cent. from the time said dividend was payable. the creditor procured an order directing the trustee to deposit in a trust company the amount of such dividend. interests and costs. to abide the result of the appeal. This was accordingly done, and, the order having been affirmed on the appeal. *held,* that the deposit of the moneys was not a setting aside of certain moneys as constituting the creditor's dividend. but was merely a change of investment by the trustee for the greater security of the creditor.

2. There was no waiver of the latter's right to full interest. He was not confined to the rate of interest which the deposit earned. but was entitled to the full rate of interest from the day the dividend became payable to the day it is paid.

[Disapproved in Hersey v. Fosdick, 20 Fed. 44, 45.]

[In the matter of Henry Kitzinger and others, bankrupts. The cause first came before the court upon a motion to expunge a proof of debt against the said estate. The motion was denied. Case No. 7,861. An order was also made allowing the claimant, Goldman. interest upon his dividend. Case No. 7,862.]

---

1 [Reprinted by permission.]

---

C. W. Bangs, for creditor.
J. Dunne, for trustee.

CHOATE, District Judge. It has heretofore been held in this case that a creditor the payment of whose dividend has been delayed by the action of the trustee in contesting his claim is entitled, as between himself and the other creditors, to be allowed interest on his dividend from the time the dividend would have been payable to him during the period of such delay, at the current rate of interest. From the order entered allowing the claim of one Goldman as a creditor, with interest, in accordance with that decision, the trustee appealed, and the order has now been affirmed. Meanwhile, and during the pendency of the appeal, the creditor gave notice that he would apply on the order entered and on all the proceedings in the case for "an order directing the trustee to deposit in the United States Trust Company, to the credit of this matter, the amount of the dividend, including the interest thereon and of the costs and disbursements directed by said order to be paid by said trustee to said Goldman, &c., to be held by the said trust company pending and subject to the said appeal, and to the further order of the court thereon, and also that the said trustee be required to execute and deliver to said Goldman a bond, with sufficient sureties, conditioned to pay to the said Goldman, interest at the rate of seven per cent. upon the amount of the said dividend or of the moneys so to be deposited in the said trust company, if upon said appeal the said order shall be affirmed, or in default thereof that the said trustee be required to comply with the said order." Upon this motion, after hearing the parties, an order was made directing the trustee to deposit in the United States Trust Company the amount of the dividend and interest to the date of such order, but not requiring the trustee to give a bond as asked for. The deposit in the trust company has earned interest at the rate of only two and a half per cent., and the trustee now claims that since the date of that deposit the creditor is entitled to no greater interest than the deposit has earned.

It was suggested heretofore that, in case of such a deposit of a creditor's dividend pending a re-examination, "perhaps there might be no just claim for interest beyond the interest earned on the deposit." In re Kitzinger [Case No. 7,862]. The case at that stage did not present this precise question, as it now arises. I think that what was done in this case was not the setting aside of certain moneys as constituting this creditor's dividend, but merely a change of investment by the trustee for the greater security of the creditor, as a condition of staying the execution of the order pending the appeal. This is certainly all that the creditor asked for in his motion, and all that the

order for the deposit can fairly be interpreted to mean. This being so, and notwithstanding the expression indicating doubt on this question contained in the former opinion of the court, I think that what has been done constitutes no waiver of the creditor's right as between him and the other creditors to full interest, and that it does not affect his claim for interest. He has not by the deposit had the use or benefit of the moneys deposited. The moneys so deposited were not his moneys, but the moneys of the estate, and their earnings belong to the estate. The deposit was merely to secure the payment to him of his dividend and interest if the order allowing it to him should be affirmed.

The amount to be paid under the order that has been affirmed is the dividend, and interest thereon from the day it became payable to the day it shall be paid, at the rate of seven per cent. per annum.